UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

JUAN GABRIEL ALMONTE ESPINAL and
ERICK ALMONTE ESPINAL,

                *Plaintiffs*,

– v –                                             DKT: 25-CV-04100-PAE

MALE POLICE OFFICER 1, MALE POLICE
OFFICER 2, FEMALE POLICE OFFICER 1,
UNKNOWN POLICE OFFICERS 5
THROUGH 15, AND THE CITY OF NEW
YORK,

                *Defendants*

───────────────────────────────

ERICK ALMONTE ESPINAL;
JUAN FRAILYN ALMONTE ESPINAL;
JUAN ADONIS ALMONTE ESPINAL;
ANA MIRANDA ALMONTE ESPINAL;
ALISHA EMELY RODRIGUEZ BATISTA;
JUAN RAMON ALMONTE DIAZ;
ANA MARIA ESPINAL;
AND JHOAN ALBERTO MARCEHNA GOMEZ

                *Plaintiffs*,

- v -                                             DKT: 25-CV-05089-KPF

POLICE OFFICER O'CONNOR, POLICE
OFFICER JESELSOM[1], SERGEANT
PENA, AND UNKNOWN OFFICERS 4
THROUGH 35; and THE CITY OF NEW
YORK

                *Defendants*

───────────────────────────────

---

[1] After limited discovery, Plaintiffs have learned that this police officer's last name is spelled "Jeselson", not "Jeselsom."

**MEMORANDUM OF FACT AND LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE 25-CV-04100-PAE AND 25-CV-05089-KPF**

Alex Garber
Glenn A. Garber, P.C.
The Woolworth Building
233 Broadway
Suite 2370
New York, N.Y. 10279
(212) 965-9370
*Attorney for Plaintiffs*: Erick Almonte Espinal, Juan Gabriel Almonte Espinal, Juan Ramon Almonte Diaz, Ana Maria Espinal, Juan Adonis Almonte Espinal, Juan Frailyn Almonte Espinal, Ana Miranda Almonte Espinal, Alisha Emily Rodriguez, and Jhoan Alberto Marchena Gomez

**Procedural History**

On May 16, 2025, Plaintiffs Erick Almonte Espinal and Juan Gabriel Almonte Espinal filed a civil lawsuit pursuant to 42 U.S.C. 1983 for, inter alia, false arrest and excessive force against various unnamed police officers for an event that occurred on November 11, 2024. 25-cv-04100-PAE.[2]

On June 17, 2025 Plaintiffs Juan Ramon Almonte Diaz, Ana Maria Espinal, Juan Adonis Almonte Espinal, Juan Frailyn Almonte Espinal, Ana Miranda Almonte Espinal, Alisha Emily Rodriguez, Erick Almonte Espinal, and Jhoan Alberto Marchena Gomez filed a civil lawsuit pursuant to 42 U.S.C. 1983 for inter alia, false arrest and excessive force against various police officers and the city of New York for an event that occurred on July 6, 2024. 25-cv-05089-KPF.[3]

Glenn A. Garber P.C. (GAGPC) represents all plaintiffs in both matters. The City represents all defendants in both matters.

Exchanges under Rule 26 have just started. Plaintiffs' counsel just learned that Officers Jeselson and Lopez-Martinez were significantly involved in assaulting and falsely arresting Plaintiffs in both cases. As a result, Plaintiff is now moving to consolidate dockets 25-cv-04100-PAE and 25-cv-05089-KPF.

**Factual Relationship Between the Two Cases**

The Almonte family has lived at 2850 Grand Concourse in the Bronx for decades. The Almonte family is comprised of parents Juan Ramon Almonte Diaz and Ana Maria Espinal and their children Juan Adonis Almonte Espinal, Juan Frailyn Almonte Espinal, Ana Miranda

---

[2] Complaint attached as Exhibit A.
[3] Complaint attached as Exhibit B.

Almonte Espinal, Juan Gabriel Almonte Espinal and Erick Almonte Espinal. Juan Ramon is sixty-one years old and Ana Maria is forty-three years old. Their children range from eighteen to twenty-five years old. Alisha Emily Rodriguez is the long-time partner of Juan Adonis. Jhoan Alberto Marchena Gomez is a long-time friend of the family.

The Almonte family, and in particular Juan Adonis and Erick, have had prior interactions with police officers from the 52nd and 46th Precinct. The 52nd and 46th precincts share a border, with the 52nd precinct directly north of the 46th. Officers from these precincts have stopped Juan Adonis and Erick pretextually and then have given them baseless desk appearance tickets (DATs) for violations such as driving without a license or disorderly conduct. Often these DATs are dismissed at their first court appearance. As such, the Almonte family is known to officers of the 52nd and 46th precinct, and there is an antagonistic relationship between the family and officers in these precincts.

### July 6, 2024 Incident and the Involvement of Officers Jeselson and Lopez-Martinez

As alleged in the complaint in 25-CV-05089 (KPF), the defendant police officers violently attacked and falsely arrested Juan Ramon, Ana Maria, Juan Adonis, Juan Fraylin, Ana Miranda, Alisha, and Jhoan.[4] Officers Jeselson and Lopez-Martinez were involved in this police action, with Jeselson being a main perpetrator.

According to the July 6th complaint, Juan Adonis, Erick, and Jhoan were seated in a parked car on 198th street and Valentine Avenue in the Bronx. Alisha went inside of a nearby store to make a copy of a key. Police Officers approached the car and ordered Juan Adonis,

---

[4] Juan Gabriel Almonte Espinal, a defendant in the 25-Civ-4100 (PAE), was not a part of the July 6th event.

3

Erick, and Jhoan out of the car even though they did nothing wrong. Based on body camera video provided by the City, Officer Lopez-Martinez arrives on the scene shortly after the police initially approached the Almonte vehicle. *See* Body Warn Camera Footage, "BWC," 25-CV-05089 DEF000343 (exhibit C). Juan Adonis, Erick, and Jhoan are then placed under arrest. On video, Alisha can be seen attempting to get into the car to gather her belongings and then being aggressively grabbed and shoved by Officer Lopez-Martinez and another officer. DEF000343 at 4:15. A few minutes later, Officer Lopez-Martinez shoves the Juan Ramon for no apparent reason. BWC DEF000335 (exhibit D) at 0:10 seconds. Officer Lopez-Martinez then assists in the illegal arrest of Juan Ramon. Juan Ramon is arrested even though he is calmly standing, doing nothing illegal or disruptive, and watching the police violently assault his son, Juan Frailyn. DEF000335 (exhibit D) at 0:30 seconds.

During the course of the police encounter, Officer Jeselson escalates a bad situation into a worse one. Indeed, his conduct precipitates a police gang assault of Juan Frailyn. According to available body camera footage, it seems that Jeselson arrives on the scene after Juan Adonis, Erick, and Jhoan were already arrested and placed in squad cars. When Jeselson approaches, Juan Frailyn and Ana Miranda are arguing with the police; not doing anything illegal. BWC DEF 000331 (Exhibit E) at start of video. One officer then shoves Ana Miranda for no apparent reason, causing her to fall to the ground and hit her head. *Id.* Juan Frailyn yells at the officers in protest. Then a group of officers including Officer Jeselson rush Juan Frailyn and smash him into a bike rack against a store window. *Id.* at 0:15 seconds. Jeselson immediately punches Juan Frailyn in the head multiple times and is part of a group of officers that thereafter pummel Juan Frailyn and take him down to the ground. DEF 00323 (Exhibit F) at 0:38 seconds. When Juan Frailyn is on the ground and as Jeselson holds him down, other officers continue to grab and

4

strike Juan Frailyn including his testicles. He can be heard on video yelling, "he's holding my balls." BWC DEF 000365 (Exhibit G) at 0:50 seconds. After needlessly punching Juan Frailyn multiple times in the head, and holding him down while other officers attack him, Jeselson casually walks away from the scene.

Jeselson's body camera was not activated during the incident.

Juan Frailyn has no criminal record and is a university student studying engineering.

After the family was released from the precinct, Officers Jeselson and Lopez-Martinez fielded complaints from the Almonte family regarding property and other personal matters. BWC DEF 000332 (Exhibit H).

Thus, Officers Jeselson and Lopez-Martinez were essential players in the July 6th attack and were criticized by members of the Almonte family.

**November 11, 2024 Incident and the Involvement of Officers Jeselson and Lopez-Martinez**

As alleged in the complaint in 25-CV-4100, on November 11, 2024, Erick Almonte was riding a Citi bike along with other individuals on the Grand Concourse in the Bronx. Erick was not driving erratically and was obeying traffic laws. Officer Jeselson was in the passenger seat of a squad car driven by Officer Cruger,[5] who, for no reason, initiated a high-speed chase of Erick. Scared, Erick accelerated so that he could get to the safety of his family apartment building just off the Grand Concourse. When Erick arrived at his building and got off the bike, Officer Cruger ran up and tackled him to the ground. Officer Jeselson, also in pursuit, jumped

---

[5] The complaint was written prior to counsel learning the names of the officers involved. Jeselson is referred to as Male Officer 1. Cruger is Male Officer 2. And Lopez-Martinez is Female Officer 1.

5

on Erick seconds later and grinded his face into the pavement. Erick can be heard screaming "my head." Officer Lopez-Martinez arrived at the scene at around this time.

When Erick pulled up to the apartment building, his brother Juan Gabriel (Gabriel) was standing outside. When the police arrived and slammed Erick to the floor, Gabriel took out his cell phone and began filming. 25CV4100ALMONTE0234 (Exhibit I). Officer Lopez-Martinez pushed Juan Gabriel about 20-30 feet away from Erick. *Id.* After Gabriel was moved, he did not attempt to approach the police or Erick, but Officer Lopez-Martinez nevertheless continued to shove him. *Id.* Gabriel, who was standing a safe distance away from Erick and filming, told Officer Lopez-Martinez her not to touch him. *Id.*

Then, without warning and for no legitimate reason, Officer Jeselson got up from holding Erick down and rushed at Gabriel. *Id.* at 0:20 seconds. He grabbed him and began punching Gabriel. 25CV4100ALMONTE0232 (Exhibit I) at 0:30 seconds. Jeselson never told Gabriel that he was under arrest and never provided a reason for his attack. *Id.* On video, Gabriel can be seen putting his hands up to defend himself. He never swings at Jeselson nor does he take any aggressive action toward the officer.[6] *Id.* Then, Jeselson squares up like a boxer and strikes Gabriel in the face with a solid left hook. *Id.* Jeselson and Officer Lopez-Martinez then grab Gabriel and together they lift him up and slam him to the ground. He lands hard on his surgically repaired hip. *Id.*

Jeselson and Lopez-Martinez then falsely arrest Erick and Gabriel for disorderly conduct and issue them desk appearance tickets. The cases were both dismissed at the first appearance.

---

[6] At this point on the video, Gabriel's brother, Juan Adonis, can be heard saying "don't fight him Gabby. Don't fight him." Gabriel does not. The power imbalance between Jeselson and Gabriel is obvious. Gabriel cannot even defend himself, lest he be charged with assaulting a police officer. And Jeselson takes full advantage.

6

**Applicable Law**

Trial courts have broad discretion to consolidate cases when there are similar issues of law or fact between the cases. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); FRCP 42. Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [as such] joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Consolidation serves judicial economy and convenience for the parties. *Johnson*, 899 F.2d at 1285. The presumption in favor of consolidation can only be overcome if a party would suffer significant prejudice. *Id.*

Here, there is strong justification for consolidation and limited, if any, threat of prejudice.

First, as a general matter, the cases involve many of the same individuals and very similar claims. Both are excessive force cases involving the Almonte family and Officers Jeselson and Lopez-Martinez. Officers Jeselson and Lopez-Martinez are essential players in both cases. Erick Almonte is a named Plaintiff in both cases. Juan Adonis and Jhoan Marchena are named Plaintiffs in the July arrest and were eyewitnesses to the November attack on Erick and Gabriel. Thus, solely analyzing the players in each case, there are multiple factual and legal similarities which weigh heavily in favor of consolidation. *See, e.g.*, *City of New York v. Fedex Ground Package Sys., Inc.*, 2016 WL 1532252 (S.D.N.Y. Apr. 15, 2016)(consolidating two cases when "cases concern the same plaintiffs, same defendant, and near-identical allegations").

Second, from both a fault and damages perspective, Jeselson and Lopez-Martinez's actions at the July incident are undoubtedly relevant to the November attack. At the July incident, the officers, and certainly Officer Jeselson, escalate the encounter into a violent and unjustifiable gang assault. Then in the November incident, Officer Jeselson for no reason rushes

at Gabriel begins fighting with him, punches him in the face, and tackles him to the ground with the help of Officer Lopez-Martinez.  The July incident and the fact that the family complained about it to Officers Jeselson and Lopez-Martinez explains the officers' actions on November 11th.  Jeselson's actions in the November incident are bizarre and indicate that he harbors personal animus toward the Almonte family. This narrative cannot be told without reference to the July incident.  The Almonte family's history with the 46th and 52nd precincts is also relevant. Plaintiffs also plan to argue that Jeselson has a habit of unjustifiably escalating situations, bating suspects, and assaulting innocent people. These points are best made in the context of the July 6th and November 11th incidents together and would certainly be relevant and admissible at trial.

       Third, both incidents are relevant to Claim 4 of 25-CV-4100 (the November incident) for Negligent Hiring, Training, Supervision, Retention, and Discipline under New York State Law. Again, in the July 6th incident, Jeselson is depicted on body camera needlessly punching Juan Frailyn in the face and essentially participating in a police gang assault against Juan Frailyn. Upon information and belief, Jeselson was never punished. And by virtue of his presence on the scene during the November 11th incident, he was certainly not removed from street work.  The failure by the City to supervise or discipline Jeselson plausibly caused the November attack. Thus, Plaintiff should be able to make explicit reference to the July 6th incident during the trial on the November 11th case.

      Fourth, the impact of both events on the Almontes are collectively relevant for compensatory damages.  Regarding Erick and Gabriel, it is directly relevant to their emotional pain and suffering that they were assaulted by the same officers who assaulted and falsely arrested other family members five months prior.  It is likewise relevant to the emotional pain and suffering of the rest of the Almonte family because their sons and brothers were assaulted

8

and falsely arrested by the same officers. And Erick, who was a victim in both incidents at the hands of the same officers, suffered heightened emotional pain and suffering as a result of both incidents combined. That Jeselson is still likely on active street duty, unpunished, and capable of exacting further retribution against the Almontes contributes to their ongoing pain and suffering.

Fifth, both events are relevant for punitive damages against Jeselson. Jeselson's actions in both cases were particularly egregious. And, from a punitive perspective, his unprovoked and inexplicable assault of Gabriel on November 11th becomes even more egregious and shocking when one considers that he similarly violently assaulted a member of the same family just months earlier. The collective weight of these events shows Jeselson's malice and the depravity of his conduct. Both events together are thus relevant for Plaintiff's punitive damages case.

Sixth, and finally, it is in the interest of both parties to consolidate the cases to avoid duplicating efforts during the discovery process. If the cases remain separate, Officers Jeselson and Lopez-Martinez would have to be deposed twice as would Erick Almonte, Juan Adonis, and Jhoan Marchena.[7] Additionally, much of the discovery will be identical, including but not limited to all discovery related to Jeselson and Lopez-Martinez, all discovery related to prior interactions between the Almonte family and the NYPD, discovery related to use of force and other NYPD policies and procedures, and discovery related to the hiring, retention and supervision of officers at the 52nd and 46th precincts.

While Defendants may argue that prejudice will ensue due to a jury seeing evidence of repeated bad acts of the same officers, such prejudice is of the officers' own making. And where the incidents are intertwined, both relevant to each other, and when there is significant overlap

---

[7] Erick is a named Plaintiff in both cases. Juan Adonis and Jhoan are Plaintiffs in the July case and witnesses in the November case.

9

parties and witnesses, any threat of prejudice is not a valid ground to oppose consolidation. *See, e.g.*, Brown v. Whitley, WL 21781441 (E.D.N.Y. Oct. 4, 2022), report and recommendation adopted, 2022 WL 21781418 (E.D.N.Y. Dec. 1, 2022)(finding that economy outweighed any threat of prejudice in cases brought by two separate plaintiffs for two separate incidents of wrongful termination arising out of substantially similar circumstances).

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion to consolidate 25-Cv-04100-PAE and 25-cv-05089-KPF should be granted.

Dated:   New York, New York
         December 27, 2025

                                                    Respectfully submitted,

                                                    _____
                                                    Alex Garber, Esq.,
                                                    Glenn A. Garber, P.C.
                                                    The Woolworth Building
                                                    233 Broadway
                                                    Suite 2370
                                                    New York, N.Y. 10279
                                                    (212) 965-9370

                                                    *Attorney for Plaintiffs*: Erick Almonte Espinal, Juan Gabriel Almonte Espinal, Juan Ramon Almonte Diaz, Ana Maria Espinal, Juan Adonis Almonte Espinal, Juan Frailyn Almonte Espinal, Ana Miranda Almonte Espinal, Alisha Emily Rodriguez, and Jhoan Alberto Marchena Gomez