UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GABRIEL ALMONTE ESPINAL *et al.*,<br><br>                              Plaintiffs,<br>                    -v-<br><br>MALE POLICE OFFICER 1 *et al.*,<br><br>                              Defendants. | 25 Civ. 4100 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

This order resolves plaintiffs' motion to consolidate this case (the "first action") with a

separate, later-filed action in this District, 25 Civ. 5089 (KPF) (the "second action"). Both cases

are civil-rights lawsuits claiming false arrest and excessive force against the City of New York

(the "City") and multiple New York City Police Department ("NYPD") officers. They involve

separate incidents occurring months apart, with a small minority of parties in common. For the

following reasons, the Court denies the motion.

I.      Background

On May 16, 2025, plaintiffs Juan Gabriel Almonte Espinal and Erick Almonte Espinal

initiated the first action. Dkt. 4. The Complaint alleges that, on November 11, 2024,

unidentified NYPD officers chased Erick while he was riding a Citi bike and slammed him into a

concrete stoop. *Id.* ¶¶ 21–23. It alleges that one officer then punched Gabriel, who was filming

the incident on his cellphone. *Id.* It alleges that the officers arrested both plaintiffs and issued

summonses for disorderly conduct, which were later dismissed. *Id.*

On June 18, 2025, eight plaintiffs—including Erick, but not Gabriel—initiated the second

action. 25 Civ. 5089, Dkt. 10. This Complaint alleges that, on July 6, 2024, NYPD officers

arrested Erick and two other plaintiffs, who had been sitting in a legally parked vehicle. *Id.* ¶¶ 25–29. It alleges that the remaining five plaintiffs in this action gathered at the site of the arrests and asked the officers to explain their actions. *Id.* ¶¶ 30–31. The officers then harassed, struck, and arrested these plaintiffs, too. *Id.* ¶¶ 32–52. The Complaint brings claims against the City, two named NYPD officers, and 32 unnamed NYPD officers. *Id.* at 1.

On December 27, 2025, plaintiffs in the first action moved to consolidate the two cases, attaching a declaration and exhibits. Dkts. 14 ("Mot."), 15. On February 6, 2026, defendants opposed, including a declaration and exhibits. Dkts. 22 ("Opp'n"), 23. On February 20, 2026, after an extension, plaintiffs replied. Dkt. 26.

## II.    Applicable Legal Standard

Under Federal Rule of Civil Procedure 42(a), if actions "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted). The party seeking consolidation bears the burden of showing the "commonality of factual and legal issues." *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). The court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### III.    Discussion

In moving to consolidate the two actions, plaintiffs state that Rule 26 disclosures indicated that two NYPD officers, Jeselson and Lopez-Martinez,[1] were involved in both the July 6 and November 11 incidents.  Officer Jeselson is an unnamed defendant in the first action (*i.e.*, described pseudonymously in that complaint) and a named defendant in the second action; Officer Lopez-Martinez is an unnamed defendant in both cases.  Plaintiffs argue that evidence of the July 6 incident would be "relevant and admissible at trial" in the second because it shows that (1) Officer Jeselson "harbor[ed] personal animus" toward plaintiffs and (2) the City negligently supervised him.  Mot. at 9.  They argue that both incidents are "relevant" for compensatory and punitive damages, and that consolidation would avoid duplicative discovery.  *Id.* at 9–10.

Defendants oppose.  They argue that the two incidents involve largely disparate facts and parties.  Opp'n at 5–6.  They argue that consolidation would cause jury confusion and unfairly prejudice them, by risking conflation of the bicycle stop at issue in the first action with the melee in the second action.  They argue that any efficiencies from consolidation could be achieved through other case-management measures, such as single depositions of repeat witnesses.

Defendants are correct.  First, plaintiffs have not shown that the cases present sufficiently overlapping questions of law or fact.  The incidents at issue occurred more than four months apart.  They involve largely different groups of plaintiffs (save one) and defendants (save two), different locations, and different conduct.  Even assuming *arguendo* that the July 6 incident (1) "explains the officers' actions on November 11" by supplying a motive and (2) affects damages calculations for the November 11 incident, it does not follow that the separate cases

---

[1] The present record does not indicate these officers' first names.

concerning these incidents should be consolidated.[2]  Second, plaintiffs have not shown that consolidation would not prejudice defendants.  Defendants make a substantial argument that combining the separate incidents in one proceeding could result in spillover prejudice and jury confusion.  *See Garber v. Randell*, 477 F.2d 711, 717 (2d Cir. 1973); *see also Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) ("consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*" (emphasis in original)); *Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d 456, 463 (S.D.N.Y. 2023) (same); *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 136 (S.D.N.Y. 2016) (same).

## CONCLUSION

For the above reasons, the Court denies plaintiffs' motion to consolidate the first and second actions.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 14.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 2, 2026
      New York, New York

---

[2] For avoidance of doubt, the Court does not here resolve any evidentiary or other issues apart from this motion for consolidation.