# GLENN A. GARBER, P.C.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279

## ATTORNEYS AT LAW

TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

GLENN A. GARBER
(ADMITTED IN NY & NJ)

May 5, 2026

**BY ECF**
Honorable Judge Paul A. Engelmayer
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Almonte Espinal et al v. Male Police Officer 1 et al - 25-cv-04100-PAE*

Dear Judge Engelmayer:

Plaintiffs submit this this letter in lieu of a formal motion to amend the complaint.

The proposed amendment adds the names of the individual defendant police officers and includes one additional claim for violations of N.Y.C. Admin. Code §§ 8-801 to 8-807.[1]

The original complaint identifies the individual defendant police officers as "Male Police Officer" and "Female Police Officer" because Plaintiffs did not know their identities prior to filing.  Through discovery we have learned that Male Police Officer 1 is Evan Jeselson, Male Police Officer 2 is Christopher Cruger, and Female Police Officer 1 is Raidelys Lopez-Martinez.  The primary purpose of the amendment is to include the names of the individual police officers so that they can be properly served.

The additional claim is one unreasonable search and seizure in violation of N.Y.C. Admin. Code §§ 8-801 to 8-807. It is based on existing facts, and there is no change to the narrative. We are within the three-year statute of limitation for this claim.

The Court issued a scheduling order pursuant to Local Civil Rule 83.10 requiring Plaintiff to file any amendment within six weeks of the City's answer.  The City filed an answer on November 3, 2025.  However, the City did not disclose the names of the individual police officers allegedly involved in the incident until December 8, 2025.

"The Court should freely give leave when justice so requires."  FRCP 15(a)(2). "The Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Flexibility, guided by these principles, should apply even where Plaintiff misses a deadline.

Here, amending the complaint primarily involves the straightforward matter of correctly identifying the defendant police officers so that they can be properly served.

---

1 Attached as Exhibit A is the proposed amended complaint with redline edits to show the amendments.

# GLENN A. GARBER, P.C.

## ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

Plaintiffs received the names of the individual defendant police officers on December 8, 2025.  Shortly thereafter on December 27, 2025, Plaintiffs filed a motion to consolidate this docket and docket 25-CV-04100-PAE (Dkt. Entry 15 on 25-CV-04100-PAE).  In that consolidation motion, Plaintiffs noted the names of the individual defendant police officers and identified the misconduct each was alleged to have committed to the point possible given the discovery thus far. It was our intention to seek to amend the complaint after the motion was decided, and if consolidation was granted to serve only one complaint. The thinking was to conserve resources and minimize the burden on the defendants and the court. The motion to consolidate was denied on April 2, 2026 (Dkt. Entry 27 on 25-CV-04100-PAE).

The case is still young, we are still in discovery, depositions have not yet been conducted, the City was on notice of who the officers are and will likely represent them, there was certainly no bad faith or attempt to gain an unfair advantage, and under the circumstances there is no undue prejudice. The matter has been referred for mediation, which the Plaintiff's and the City are pursuing notwithstanding the motion to amend. Allowing the motion to amend now will cause it to run in tandem with mediation and not lead to unnecessary delay.

For the forgoing, Plaintiffs request that the Court's permission to amend the complaint at this time.

The case was recently reassigned after we reached out on to the Office of the Corporation Counsel on this matter and the issues raised herein. We spoke to the newly assigned, ACC John Carnevale, last week and he plans to oppose our motion to amend.

Respectfully,

Glenn A. Garber
Attorney for Plaintiffs

cc: All counsel by email and ECF