UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x

JUAN GABRIEL ALMONTE ESPINAL and
ERICK ALMONTE ESPINAL,

*Plaintiffs*,

- against -

POLICE OFFICER EVAN JESELSON,
POLICE OFFICER CHRISTOPHER
CRUGER, POLICE OFFICER RAIDELYS
LOPEZ-MARTINEZ AND THE CITY OF
NEW YORK,

*Defendants*.

————————————————————x

**COMPLAINT AND
JURY DEMAND**

**DKT: 25-CV-04100 (PAE)**

| | |
|---|---|
| **Deleted:** MALE POLICE OFFICER 1 | |
| **Deleted:** MALE POLICE OFFICER 2 | |
| **Deleted:** FEMALE POLICE OFFICER 1, UNKNOWN POLICE OFFICERS 4 THROUGH 15, … | |

## NATURE OF ACTION

1.      This is an action to recover money damages for the violation of Plaintiffs rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Also raised are supplemental claims under the laws of the State of New York and the City of New York.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the New York State Constitution, and New York Law.

3.      This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. §§ 1983 and 1988.

4.      Plaintiffs invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the State law claims that are part of the same case or controversy giving rise to the

1

federal claims and share the name nucleus of operative facts as the federal claims.

5.      Venue is proper in the United States District Court for the Southern District of New York because the claims arose, and Plaintiffs reside, in this district. 28 U.S.C. §§ 1391(a)-(c) and 1402(b).

<strong><u>CONDITION PRECEDENT TO SUPPLEMENTAL STATE CLAIMS</u></strong>

6.      Plaintiffs have complied with all conditions precedent to the commencement of the supplemental state claims, having timely served on or about January 30, 2025 a Notice of Claim upon the Defendant City Of New York pursuant to Section 50(e) of the New York General Municipal Law; more than 30 days having elapsed since said service without payment or adjustment; having had a hearing pursuant to Section 50(h) of the New York General Municipal Law on March 28, 2025; and having brought this action in a timely manner.

<strong><u>PARTIES</u></strong>

7.      Plaintiff Juan Gabriel Almonte Espinal (hereinafter "Gabriel") is, and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York.  At the time of this incident, Gabriel was 23 years old.

8.      Plaintiff Erick Almonte Espinal (hereinafter "Erick") is, and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York.  At the time of this incident, Erick was 17 years old.

9.      Gabriel and Erick are brothers and are collectively referred to as "Plaintiffs."

10.      Defendant City Of New York is situated in the Southern District of New York and was at all times relevant herein a municipal corporation existing under and by virtue of the laws of the State of New York, and having the powers and duties imposed by law thereon.

11.      At all times relevant to this action, defendant City Of New York, by its agents,

2

servants, and employees was responsible for the operation, maintenance, and control of the New York City Police Department (NYPD), and the selection, training, supervision, evaluation, and disciplining of police officers and other NYPD employees.

12.    Defendant Police Officer Evan Jeselson was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  He is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.  *See attached Exhibits 1-3* which are still images taken from video of the incident depicting Officer Jeselson.[1]

13.    Defendant Officer Christopher Cruger was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  He is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.  *See attached Exhibit 4* which is a still image taken from video of the incident depicting Officer Cruger.[2]

14.    Defendant Officer Lopez-Martinez was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. She is being sued in her individual capacity and in her official capacity as a police officer of the NYPD.  Defendant *See attached Exhibit 5* which is a still image taken from video of the incident depicting Officer Lopez-Martinez.[3]

15.    Defendants Officer Jeselson, Officer Cruger, Officer Lopez-Martinez, are referred to as the "Individual Defendants" or the "police."

16.    The City Of New York and the Individual Defendants are collectively referred to as "Defendants."

---

1 Exhibit 1 depicts Officer Jeselson grabbing onto Gabriel while punching him.  Exhibit 2 depicts Officer Jeselson with his knee pressing into Erick Almonte's head while Officer Cruger subdues Erick.  Exhibit 3 depicts Officer Jeselson cocking his left fist just prior to punching Gabriel in the face.

2 Exhibit 4 depicts Officer Cruger assisting Officer Jeselson in pinning Erick Almonte to the ground.

3

Deleted: MALE POLICE OFFICER 1

Deleted: Defendant MALE POLICE OFFICER 1's name is unknown at this time. …

Deleted: MALE POLICE OFFICER 1

Deleted: MALE POLICE OFFICER 2

Deleted: Defendant MALE POLICE OFFICER 2's name is unknown at this time. …

Deleted: MALE POLICE OFFICER 2

Deleted: FEMALE POLICE OFFICER 1

Deleted: FEMALE POLICE OFFICER 1's name is unknown at this time.…

Deleted: FEMALE POLICE OFFICER 1

Deleted: <#>Defendant UNKNOWN POLICE OFFICERS 4 through 15 were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. They are being sued in their individual capacities and their official capacities as a police officers of the NYPD.¶

Deleted: <#>MALE POLICE OFFICER 1

Deleted: <#>MALE POLICE OFFICER 2

Deleted: <#>FEMALE POLICE OFFICER 1

Deleted: <#>and UNKNOWN POLICE OFFICERS 4 through 15

Deleted: MALE POLICE OFFICER 1

Deleted: MALE POLICE OFFICER 1

Deleted: MALE POLICE OFFICER 2

Deleted: MALE POLICE OFFICER 1

Deleted: MALE POLICE OFFICER 2

Deleted: MALE POLICE OFFICER 1

17. At all relevant times herein, Defendants acted jointly and in concert with each other.

18. Each Individual Defendant had the duty and the opportunity to protect Plaintiffs from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

## INTRODUCTION

19. On the evening of November 11, 2024, police officers violently attacked Gabriel and Erick Almonte for no justifiable or legal reason.

20. Police officers chased Erick after he was legally riding a Citi bike. For no apparent reason, Officers Jeselson and Cruger slammed Erick face first into a concrete stoop and Officer Jeselson pressed his knee into the back of Erick's head, pinning his face to the cement.

21. Defendant Officer Jeselson then attacked Gabriel, who was filming the illegal police activity on his cellphone. This officer aggressively approached Gabriel, squared up like a boxer, and punched Gabriel directly in the face. With the assistance of Defendant Officer Lopez-Martinez, Officer Jeselson then slammed Gabriel to the ground, causing him to land on his surgically repaired hip.

22. Gabriel and Erick were both arrested, brought to the precinct, and given summonses for disorderly conduct. Both cases were dismissed.

23. As a result of the police misconduct, both Gabriel and Erick sustained physical and psychological injuries, which continue to affect them.

## STATEMENT OF FACTS

24. Prior to the police attack, Erick Almonte was riding a Citi bike with his friends on Grand Concourse in the vicinity of 198th Street in the Bronx. Even though they were not doing anything wrong, an unmarked police car began following the group. Concerned about the police

4

**Deleted:** DEFENDANT MALE POLICE OFFICERS 1 and 2

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** FEMALE POLICE OFFICER 1

**Deleted:** MALE POLICE OFFICER 1

who often act illegally and aggressively in the neighborhood, Erick separated from the group and rode his Citi bike in the direction of his family apartment, just off Grand Concourse on 198th Street. The police followed Erick.

25. Frightened, Erick left his bike in the pedestrian walkway in the middle of Grand Concourse and began running toward the safety of his family apartment. The police exited their vehicle and chased after him. Erick never heard the police yell at him to stop and did not know why they were chasing him.

26. Meanwhile, Gabriel, Erick's older brother, was standing outside of an apartment building on 198th Street near where the family lived and saw Erick running toward him. As Erick approached Gabriel, Erick put his hands up, surrendering to the police. Erick was facing the apartment building, with his back to the Street, standing still with his hands in the air.

27. Despite Erick's passive, non-threatening state, Defendants Officer Jeselson and Officer Cruger ran up to Erick from behind, grabbed him, and slammed him to the ground face first. While they were on top of him, placing him in handcuffs, Officer Jeselson dug his knee into the back of Erick's head, grinding his face and eye into the pavement.

28. At no point during this event did Erick ever resist, fight with, or otherwise threaten police officers.

29. Shocked at what the police were doing to his little brother, Gabriel took out his phone and began filming. He asked the police why they were doing this to Erick and pleaded with them to stop.

30. The police ordered Gabriel to back away from the scene. He complied. Defendant Officer Lopez-Martinez then shoved Gabriel pushing him further away from the scene, although he was already at a distance where he was not interfering with police activity.

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** A

**Deleted:** MALE POLICE OFFICER 2

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** FEMALE POLICE OFFICER 1

5

31.     Then, when Gabriel was a good distance away from Erick and doing nothing but filming the illegal police conduct, Officer Jeselson approached Gabriel, aggressively shoved him, and squared up like a boxer, with both of his fists up in front of his face and his body in a power stance.

**Deleted:** MALE POLICE OFFICER 1

32.     Officer Jeselson then punched Gabriel in the face with a left hook.  When Gabriel stumbled Officer Jeselson grabbed onto him, held him up, and continued to punch him multiple times in the head and body.

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** MALE POLICE OFFICER 1

33.     Officer Lopez-Martinez, who was nearby, not only failed to intervene, but she also grabbed onto Gabriel while Officer Jeselson continued to punch him.  Then, with the assistance of Officer Lopez-Martinez, Officer Jeselson picked up Gabriel and slammed him to the ground with the officer's full weight on top of Gabriel.  Gabriel landed on his right hip, which had a metal plate in it as a result of a previous surgery.

**Deleted:** FEMALE POLICE OFFICER 1

**Deleted:** MALE POLICE OFFICER 1

**Deleted:** FEMALE POLICE OFFICER 1

**Deleted:** MALE POLICE OFFICER 1

34.     At no point during this event, did Gabriel ever punch, swing at, or threaten the officers.

35.     The Individual Defendants placed both Erick and Gabriel in handcuffs with excessive tightness and in a manner which caused pain to Erick and Gabriel's wrists.

**Deleted:** <#>At some point before, during, or after this sequence, UNKNOWN POLICE OFFICERS 4 through 15 arrived at the scene.

36.     The Individual Defendants then arrested both Erick and Gabriel and took them to the police precinct.  The Individual Defendants brought Erick and Gabriel into a cell and handcuffed them to a bench.  Over the course of the next few hours, Erick and Gabriel both asked for medical attention, which was ignored. They were held at the precinct for hours until they were both given summonses and released.

37.     In an effort to cover up their misconduct, the Individual Defendants falsely charged Erick and Gabriel with Disorderly Conduct under New York Penal Law § 240.20.

38.    The Individual Defendants had an opportunity to intervene and stop the illegal and unconstitutional conduct on the scene and at the precinct by they failed to do so.

39.    Erick and Gabriel both appeared in Bronx Criminal Court on November 29, 2024, the scheduled return date for the summonses.  Both cases were dismissed on that date.

40.    Erick and Gabriel each suffered physical and emotional harm as a result of the illegal police action.

41.     As a result of the police slamming his face into the ground, Erick experienced head pain and disorientation, was bleeding from his ears, and had bruising to his face.  Additionally, the police cut Erick's left eye when they grinded his face into the ground.

42.     Erick has experienced eye pain and loss of vision in his left eye. He attended multiple follow up eye appointments with an eye doctor and has received treatment for his injuries.

43.    As a result of the police punching him in the face and head, Gabriel sustained a large lump on his head and experienced headaches and disorientation in the aftermath of this episode.  Moreover, by slamming him to the ground, the police lacerated Gabriel's right hand and reaggravated his surgically repaired right hip.[4]

44.    Immediately after the event, Gabriel experienced significant hip pain. Gabriel went to the hospital shortly after the event and received scans of his hip, which showed swelling around the screw that was inserted into his hip -- thus explaining the pain he was feeling.

45.    Since the instant offense, Gabriel has regularly attended physical therapy for his hip.  However, he has not been able to walk without pain and has not been able to engage in normal activities.  His doctor informed him that if his hip does not show improvement soon, he will need another surgery.

---

[4] In 2019, Gabriel was struck by a car.  As a result of that injury he had surgery, during which the doctors inserted a metal plate into his hip.  He had fully recovered from that surgery long before this incident.

46.    This event caused both Erick and Gabriel to experience emotional distress, including fear of the police.

47.    There was absolutely no justification for the egregious police activity in this case. For no reason, the police chased after Erick Almonte, slammed him to the ground and smashed his face into the pavement.  Then just because Gabriel was filming the illegal police activity, an officer punched him in the face and tackled him to the ground.  The police attempted to cover up their needless brutality by charging Erick and Gabriel with disorderly conduct when they both did nothing wrong.

48.    As a direct and proximate result of defendants' actions, Plaintiffs suffered damages, including but not limited to:

      a.    Violations of their constitutional rights under their Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

      b.    Violations of their constitutional rights under the New York State Constitution;

      c.    Violation of various state torts;

      d.    Physical injury, pain and suffering, and emotional injury; and

      e.    Monetary damages in the form of medical expenses and lost wages.

### FIRST CLAIM FOR RELIEF

**False Arrest and False Imprisonment under 42 U.S.C. § 1983 (Individual Defendants) and New York State Law (all Defendants)**

49.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

50.    The Individual Defendants knowingly and intentionally arrested Plaintiffs and caused them to be restrained and confined without probable cause.

51.    The Individual Defendants acted against Plaintiffs' conscious will and without their consent.

52.    The Individual Defendants acted unlawfully, and without privilege or authority.

53.    The Individual Defendants acted individually and in concert, within the scope of their authority, and under color of law.

54.    The Individual Defendants committed the state torts of false arrest and false imprisonment in violation of the laws of the State of New York.

55.    The City Of New York is liable to Plaintiffs for the state torts under the doctrine of *respondeat superior.*

56.    The Individual Defendants violated Plaintiff's rights to be free from false arrest, restraint, confinement, loss of liberty, and unreasonable search and seizure and to due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57.    No reasonable police officer would believe that the actions of the Individual Defendants were lawful.

**SECOND CLAIM FOR RELIEF**

**Excessive Force, Assault and Battery under 42 U.S.C. § 1983 (Individual Defendants) and New York State Law (all Defendants)**

58.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

59.    Under the circumstances, the Individual Defendants used objectively unreasonable and excessive force against Plaintiffs before and after their arrests and when restraining them and confining them.

60.    The Individual Defendants caused physical injuries to Plaintiffs.

61.    The Individual Defendants acted intentionally, recklessly and negligently.

62.    The Individual Defendants intended to cause physical contact with Plaintiffs.

63.    The contact was harmful and offensive to a reasonable person.

64.    The Individual Defendants acted unlawfully, and without privilege or authority.

65.    The Individual Defendants acted against Plaintiffs' conscious will, against their voluntary agreement, and without their consent.

66.    The Individual Defendants acted individually and in concert and within the scope of their authority, under color of law.

67.    The Individual Defendants committed the state torts of excessive force, assault, and battery in violation of the laws of the State of New York.

68.    The City Of New York is liable to Plaintiffs for the state torts under the doctrine of *respondeat superior.*

69.    The Individual Defendants violated Plaintiffs' rights to be free from excessive force, undue restraint, loss of liberty, unreasonable search and seizure, and to due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

70.    No reasonable police officer would believe that the actions of the Individual Defendants were lawful.

### THIRD CLAIM FOR RELIEF

**Malicious Prosecution and Deprivation of Liberty under
42 U.S.C. § 1983 (Individual Defendants)
and New York State Law (all Defendants)**

71.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

72.    The Individual Defendants caused the initiation and continuance of criminal proceedings against Plaintiffs, including fabricating a false account and/or drafting false police

10

reports, summonses, and/or other reports to be used and relied upon by prosecutors in the wrongful prosecution of Plaintiffs in violation of Plaintiffs rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

73.    There was no probable cause for the criminal proceeding against Plaintiffs, and the Individual Defendants knew it.

74.    The prosecution was unaware of the false and fabricated evidence.

75.    The prosecution terminated in Plaintiffs' favor when the charges were dismissed on November 29, 2024.

76.    The Individual Defendants acted willfully and with actual malice.

77.    Consequently, the Individual Defendants are liable to Plaintiffs under 42 U.S.C. § 1983.

78.    And the City Of New York is liable to Plaintiffs under New York state law for the actions of the Individual Defendants under the doctrine of *respondeat superior.*

**FOURTH CLAIM FOR RELIEF**

**Negligent Hiring, Training, Supervision, Retention, and
Discipline under New York State Law
(Defendant City of New York)**

79.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

80.    Defendant City Of New York is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, retain and discipline its agents and/or employees employed by the NYPD, including the Individual Defendants, with regard to the duties and actions described above.

**FIFTH CAUSE OF ACTION**

11

**Violations of the New York State Constitution**
**(All Defendants)**

81.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

82.    By virtue of the aforementioned acts, the Individual Defendants are liable to Plaintiffs for violating their right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

83.    Defendant City Of New York is liable for these violations of the New York State Constitution under the principle of *respondeat superior.*

**SIXTH CAUSE OF ACTION**

**N.Y.C. Admin. Code §§ 8-801 To 8-807 Against The Individual Defendants And The City Of New York**

84.    Plaintiffs repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85.    Plaintiffs' right to be free from unreasonable searches and seizures was violated by the conduct of the Individual Defendants.

86.    The City of New York is liable as the employer of the Individual Defendants under New York City Administrative Code § 8-803(b).

87.    Qualified immunity is no defense to this claim.

88.    As a result of the above unconstitutional conduct, Plaintiffs were caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

89.    As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**JURY DEMAND**

12

90.          Plaintiffs hereby demand trial by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief jointly and severally against all the

Defendants:

a.       Compensatory damages in an amount to be determined at trial;

b.       Punitive damages in an amount to be determined at trial;

c.       Reasonable attorneys' fees and costs of this litigation; and

d.       Such other relief as this Court deems just and proper.

Dated:  May 29, 2026                                                                      **Deleted:** May 14, 2025
         New York, New York

                                 Respectfully submitted,


                                 _____/s/_____
                                 GLENN A. GARBER
                                 233 Broadway, Suite 2370
                                 New York, New York 10279
                                 (212) 965-9370

13